

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| KDE | *271 Cadman Plaza East* |
| F.#2015R00973 | *Brooklyn, New York 11201* |

June 18, 2019

By ECF and E-mail

The Honorable Sterling Johnson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Ricardo Ariel Reyna,
>         Criminal Docket No. 18-672

Dear Judge Johnson:

The government respectfully submits this letter in advance of the defendant Ricardo Ariel Reyna's sentencing.  In light of the factors set forth in 18 U.S.C. § 3553(a), the government recommends that the Court sentence the defendant to 87 months' imprisonment to run consecutive to his current, undischarged state sentence.

I.        Background

On March 11, 2019, the defendant pleaded guilty without an agreement before Chief Magistrate Judge Mann to the sole count of the indictment, charging him with illegally reentering the country after having been convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  See Presentence Investigation Report ("PSR") ¶¶ 1-2.

In 1995, the defendant was convicted in Kings County Supreme Court of Attempted Robbery in the First Degree and sentenced to 5 to 15 years' imprisonment.  See id. ¶ 4.  Although only convicted of Attempted Robbery, the defendant and his co-conspirator shot and killed a victim during the course of a robbery.  See id. ¶ 24.  During his time in custody, the defendant racked up no less than 25 infractions, ranging from possession of weapon and drug possession to disobeying orders and fighting.  See id.  Indeed, while incarcerated, the defendant was convicted of Attempted Promoting Prison Contraband, for which he was sentenced to 18 months to 3 years' incarceration.  See id. ¶ 25.

At the end of this tumultuous time in prison, the defendant, who was a citizen of Panama, was deported to his home country in October 2006.  See id. ¶ 24.  Despite not

being allowed back in the country, the defendant snuck back in anyway and on April 10, 2015, was arrested by the New York City Police Department for another violent crime, this time a home invasion robbery.  See id. ¶ 26.

The defendant, together with a co-conspirator, dressed up as UPS workers and forced their way inside a home in Brooklyn where the co-conspirator pistol-whipped the occupants, permitting the defendant and his cohort to make off with money, laptops and other property.  See id.  The defendant himself was caught with a firearm, gun and other property.  See id.  For this offense, the defendant was sentenced to a determinate sentence of 8 years' imprisonment.  See id.  Even while in custody on this offense, the defendant again could not conform to the law.  Specifically, on April 19, 2017, while incarcerated, the defendant was found to be in possession of a controlled substance (suboxone), for which he was convicted and sentenced (under the alias Eduardo E. Simmons) to 90 days' incarceration.

On December 7, 2018, the defendant was writted into federal custody and later indicted.  Following his guilty plea (which the government will ask the Court to formally accept at the sentencing proceeding), the defendant is to be sentenced on June 20, 2019.

II.      Applicable Law

In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure that sentencing courts must follow in light of United States v. Booker, 543 U.S. 220, 258-60 (2005):

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted).  Next, a district court must "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [a district court] may not presume that the Guidelines range is reasonable.  [A district court] must make an individualized assessment based on the facts presented."  Id. at 49-50 (citation and footnote omitted).

Section 3553(a) directs the sentencing court to consider the following factors, among others, when imposing a particular sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant.

At sentencing, "the court is virtually unfettered with respect to the information it may consider."  United States v. Alexander, 860 F.2d 508, 513 (2d Cir. 1988).  Indeed,

2

Title 18, United States Code, Section 3661 expressly provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Thus, the Court must first calculate the correct Guidelines range, and then apply the Section 3553(a) factors to arrive at an appropriate sentence, considering all relevant facts.

III.    Guidelines Analysis

        The government and the defense agree that the Probation Department correctly calculated the Sentencing Guidelines under the 2014 edition of the Guidelines (because that edition is more lenient than the current edition, see PSR ¶ 10):

| | |
|---|---|
| Base Offense Level (§ 2L1.2) | 8 |
| Plus: Deportation After Crime of Violence (§ 2L1.2(b)(1)(A)(ii)) | +16 |
| Total Offense Level: | 24 |

Because the defendant has amassed 11 criminal history points and is in Criminal History Category V, see PSR ¶ 29, the applicable Guidelines range is 70 to 87 months' imprisonment.

IV.    Section 3553(a) Factors Weigh in Favor of the Requested Sentences

        For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 87 months' imprisonment to run consecutive to the undischarged state sentence. Such sentence is appropriate given the nature and characteristics of the offense, the history and characteristics of the defendant and the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, to provide just punishment, to afford adequate deterrence and to protect the public.

        A.    Nature and Circumstances of the Offense

        As set forth above, the defendant is convicted of a serious offense. After having been convicted of a heinous offense—attempted robbery stemming from the death of a victim—the defendant was removed from the country. But the defendant came back in anyway, and he did so not just to rejoin his family or become a law abiding member of society. Rather, he came back and committed additional violent offenses, this time a violent, gun-point home invasion robbery in which the defendant and his co-conspirator pistol-whipped victims. Had the defendant not illegally reentered the country these victims would not have had to suffer this traumatic experience. Accordingly, this is a serious offense that warrants serious punishment.

### B.    Defendant's Histories and Characteristics

The defendant's history characteristics also weigh in favor of the requested sentence.  See 18 U.S.C. § 3553(a).  As set forth above, the defendant has committed multiple violent offenses both while incarcerated and while at liberty.  Beginning in 1992, when the defendant was 17, he was convicted of Burglary – Illegal Entry of a Dwelling and sentenced to 6 months in custody.  See PSR ¶ 22.  Eight months after this arrest, the defendant was convicted of Criminal Possession of a Loaded Weapon for which he received a concurrent sentence of 6 months' incarceration.  See id. ¶ 23.  After this, the defendant participated in the unlawful killing for which he plea bargained to Attempted Robbery (as described above), which yielded the 5 to 15 years' incarceratory sentence during which the defendant amassed over 25 infractions as well as another felony conviction.  See id. ¶¶ 24-25.  Following these offenses, his deportation and illegal reentry to the United States, the defendant was again found to have committed another violent crime, this time the violent home invasion robbery described above in which the defendant was caught with a firearm.

This extensive, violent criminal history reveals that a sentence at the top of the applicable Guidelines range is appropriate.  The defendant is a recidivist who has preyed on members of the community for decades, even returning illegally to the United States and carrying on his criminal ways.  These "history and characteristics" therefore militate in favor of a substantial sentence.

### C.    Affording Deterrence and Protecting the Public

Finally, the requested sentence is necessary to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2)(B) and (C).

As set forth above, repeated, significant terms of incarceration have done nothing to deter the defendant from committing further crimes.  This shows that it is necessary to incapacitate the defendant in order to keep him from further wreaking havoc on the community.

Moreover, a significant sentence is necessary to promote general deterrence. Those who commit serious crimes and are deported from the country must see that they cannot sneak back into the country without consequence.  For this reason, it is critical that the defendant's sentence in this case be ordered to run consecutive to his undischarged state sentence for the home invasion robbery.  If the Court's sentence is to run concurrent, the defendant will essentially not be punished at all for illegally reentering the country, which allowed him to commit the additional crime of violence.

Accordingly, a substantial sentence ordered to run consecutively is necessary to protect the public and achieve both specific and general deterrence.

4

V.      Conclusion

           Given all of the facts and circumstances discussed above, the government respectfully submits that the Court should impose a sentence of 87 months' imprisonment to run consecutive to the undischarged state term.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:      _____/s/_____
                    Keith D. Edelman
                    Assistant U.S. Attorney
                    (718) 254-6328

cc:     Clerk of Court (ARR) (by ECF and e-mail)
        Jan Rostal, Esq. (by ECF and e-mail)
        Roberta Houlton, U.S. Probation Officer (by e-mail)